**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-149T
(Filed: August 9, 2016)

**FILED**
**AUG - 9 2016**
**U.S. COURT OF FEDERAL CLAIMS**

```
*******************************
ROGER C. JOHNSON,              *
                               *
            Plaintiff,         *    Pro Se Plaintiff; Motion for
                               *    Reconsideration; RCFC 59(e)
v.                             *
                               *
THE UNITED STATES,             *
                               *
            Defendant.         *
*******************************
```

Roger C. Johnson, Westerville, OH, pro se.

Jason Selmont, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

**SWEENEY**, Judge

    Before the court is plaintiff's motion for reconsideration, filed pursuant to Rule 59 of the Rules of the Court of Federal Claims ("RCFC"). For the reasons set forth below, the motion is denied.

### I. BACKGROUND

    On February 1, 2016, plaintiff, appearing pro se, filed suit in this court seeking a refund of monies he claimed were illegally levied from his pension fund. Johnson v. United States, No. 16-149T, 2016 WL 4006454, at *1. According to plaintiff, the Internal Revenue Service's ("IRS") attempts to obtain those monies from him constituted violations of various federal statutes as well as the Fourth Amendment to the United States Constitution. Id. He further alleged that the government committed tortious acts. Id. Lastly, plaintiff filed an application to proceed in forma pauperis ("IFP"). On July 26, 2016, the court granted plaintiff's IFP application and defendant's motion to dismiss plaintiff's complaint, and ordered the clerk to enter final judgment. Id. The instant motion was filed on August 4, 2016.

USPS TRACKING #   9114 9014 9645 0594 5522 07
& CUSTOMER
RECEIPT   For Tracking or Inquiries go to USPS.com
or call 1-800-222-1811.

## II. LEGAL STANDARD

"[A]ny motion . . . which seeks a substantive change in the judgment will be considered [an RCFC 59(e)] motion."[1] Maxus Energy Corp. & Subsidiaries v. United States, 31 F.3d 1135, 1139 (Fed. Cir. 1994). "The legal standard for determining whether a change is 'substantive' is a practical one—whether the motion seeks a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment." Id. (citations omitted). Thus, the court's review of a motion for reconsideration is "guided by the general understanding 'that, at some point, judicial proceedings must draw to a close and the matter deemed conclusively resolved . . . .'" N. States Power Co. v. United States, 79 Fed. Cl. 748, 749 (2007) (quoting Withrow v. Williams, 507 U.S. 680, 698 (1993)). Ultimately, the "decision whether to grant reconsideration lies largely within the discretion of the district court," Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990), and courts must "consider motions for rehearing with exceptional care," Carter v. United States, 518 F.2d 1199, 1199 (1975).

In order to prevail, the moving party must, in addition to filing his motion "no later than 28 days after the entry of judgment," RCFC 59(e), make an evidentiary showing of extraordinary circumstances. Crews v. United States, 424 F. App'x 937, 940 (Fed. Cir. 2011) (citing Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)). Such extraordinary circumstances include "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010).

A court "will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made[,] . . . all of which were carefully considered by the Court.'" Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002) (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993)). Furthermore, a party "may not prevail on a motion for reconsideration 'by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed.'" Six v. United States, 80 Fed. Cl. 694, 697 (2008) (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)). Similarly, a motion for reconsideration "should not be based on evidence that was readily available at the time the motion was heard." Seldovia Native Ass'n v. United States, 36 Fed. Cl. 593, 594 (1996). Finally, where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006).

## III. DISCUSSION

Plaintiff's motion for reconsideration was filed nine days following this court's entry of final judgment. It is, therefore, timely. It is not, however, meritorious.

---

[1] While the original quotation cites the Federal Rules of Civil Procedure ("FRCP"), "[t]he language of RCFC 59 has been amended to conform to the general restyling of the FRCP." RCFC 59 rules committee's note to 2008 amendment; accord Fla. Power & Light Co. v. United States, 66 Fed. Cl. 93, 96 (2005) ("In applying RCFC 59, judges of this Court regularly cite to cases applying [FRCP] 59.").

2

As the court noted in its prior opinion, because the court lacked subject matter jurisdiction over plaintiff's (1) tax refund claims, (2) wrongful levy claim, (3) statutory and constitutional claims, and (4) claim for equitable relief, dismissal was appropriate. In his motion for reconsideration, plaintiff neglects to make any showing of extraordinary circumstances. He fails to identify any intervening change in the controlling law, fails to point to the availability of new evidence, and fails to note any error that requires correction in order to prevent a manifest injustice. Rather, he merely continues to press his tax refund and wrongful levy claims, albeit in a slightly different fashion. See Pl.'s Mot. 1-3.

First, with regard to his tax refund claim, plaintiff argues that because "[t]he IRS admits that it owes [him] $61,381.19," this is "proof that not only did [he] pay his 'assessed tax liability', but [that] he has overpaid said liability to the tune of $61,381.19." Id. at 1. In other words, plaintiff claims that he has satisfied the full payment rule. Id. As the court stated previously, however, the IRS notice to which plaintiff refers is addressed to him in his capacity as trustee of the Roger C. Johnson Trust. Johnson, 2016 WL 4006454, at *4. Thus, plaintiff does not, in his individual capacity, appear to have any right to claim that sum.

Lastly, with regard to his wrongful levy claim, plaintiff argues that as a trustee, he is a third party and is therefore entitled to recover under the wrongful levy statute. Pl.'s Mot. 1. Plaintiff also argues that the IRS followed the incorrect procedures in asserting the levy. Id. at 1-3. Again, however, as the court stated previously, plaintiff cannot claim that the IRS wrongfully levied his property and simultaneously assert a wrongful levy claim. Johnson, 2016 WL 4006454, at *5. A claim for wrongful levy can only be made by a person other than the person against whom the tax, out of which the levy arose, was assessed. See 26 U.S.C. § 7426(a)(1) (2012). In this case, the tax and resulting levy were both assessed against plaintiff. He therefore cannot assert a third-party wrongful levy claim.

## IV. CONCLUSION

As set forth above, plaintiff has failed to make the requisite showing of extraordinary circumstances that would warrant this court's disturbing its previous ruling and judgment. Therefore, the court **DENIES** plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge